UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REZA FOUDAZI, and MOHAMMAD FOUDAZI, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. CIV-24-1033-R ) |
| ANTHONY BLINKEN, et al., | ) ) ) |
| Defendants. | ) |

### ORDER

Before the Court is the State Department's Motion to Dismiss [Doc. No. 7]. Plaintiffs Reza and Mohammad Foudazi responded [Doc. No. 9], and the State Department replied [Doc. No. 14]. The matter is now at issue. For the following reasons, the State Department's Motion is GRANTED in part and DENIED in part.

### BACKGROUND

Mohammad Foudazi is an Iranian national seeking an immigrant visa to the United States [Doc. No. 1, ¶ 15]. Reza is his son. *Id*. ¶ 16. Mr. Foudazi's family lives in the United States. *Id*. ¶ 25. In September of 2020, Reza—a naturalized American citizen—filed an I-130 Petition for Mr. Foudazi. *Id*. ¶ 16. The Petition was approved in January of 2021. *Id*. ¶ 17. In March of 2021, Mr. Foudazi paid the immigrant visa processing fees and filed a DS-260 online immigrant visa application. *Id*. ¶ 18. His interview with a consular officer was scheduled for November 10, 2022 in Ankara, Turkey. *Id*. ¶ 19. Following his interview, he was given a refusal under § 221(g) of the Immigration and Nationality Act. *Id*. The refusal notice stated that the refusal was "temporary" and for purposes of administrative

processing [Doc. No. 1-2]. Mr. Foudazi then received an email requesting additional information, which he provided on November 12, 2022. Doc. No. 1, ¶ 20. His application remains in administrative processing, and he remains in Iran. *Id*. ¶ 23.

Plaintiffs request an order compelling the consular officer to render a final adjudication of Mr. Foudazi's visa application. They contend that Mr. Foudazi and his family have suffered emotional harm and financial hardship from the delay in adjudicating Mr. Foudazi's visa application. The State Department moves to dismiss the Complaint on both substantive and jurisdictional grounds.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a challenge to the Court's subject matter jurisdiction. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). The challenge may be either facial or factual. *Id*. "A facial attack assumes the allegations in the complaint are true and argues that they fail to establish jurisdiction. A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id*. (citation and quotation marks omitted).

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper when the plaintiff fails to state a claim upon which relief may be granted. To defeat a motion to dismiss brought under Rule 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the motion to dismiss stage, the Court accepts all well-pleaded allegations as true and construes them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## DISCUSSION

The State Department challenges Plaintiffs' Complaint on four grounds: (1) Mr. Foudazi lacks Article III standing because he has not alleged a concrete and particularized injury in fact; (2) Plaintiffs' requested mandamus relief is improper because there is an adequate remedy under the Administrative Procedure Act; (3) Plaintiffs' requested relief under the APA is improper because the consular officer does not owe a duty to adjudicate Mr. Foudazi's visa application, and alternatively because the consular officer satisfied the mandatory, nondiscretionary duty to review and adjudicate Mr. Foudazi's visa application when it was temporarily rejected under INA 221(g); and (4) the doctrine of consular nonreviewability compels dismissal. Each argument is addressed in turn. Because the State Department indicates that it is launching a facial attack on the Court's subject matter jurisdiction, Doc. No. 7 at p. 5, the Court accepts Plaintiffs' allegations as true when deciding both the substantive and jurisdictional challenges.

### I.     Standing

"A plaintiff bears the burden of establishing Article III standing by showing (1) they have suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; (2) the injury is 'fairly…trace[able] to the challenged action of the defendant'; and (3) the injury is likely to 'be redressed by a favorable decision' by the court." *M.S. v. Premera Blue Cross*, 118 F.4th 1248, 1261 (10th Cir. 2024) (quoting *Lujan v. Defenders Of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Here, the State Department limits its challenge to the first element, contending that Mr. Foudazi has not suffered a concrete and particularized injury in fact.[1] But [i]f a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 25 (2021). And Mr. Foudazi asserts that the State Department's delay in processing his visa application has resulted in financial hardship, including expenses incurred from Mr. Foudazi's wife traveling back and forth from the United States to Iran to visit him. Doc. No. 1, ¶ 26. Taking these allegations of financial hardship as true, the Court concludes that Mr. Foudazi has plausibly alleged a concrete and particularized injury in fact. *See Motevali v. Rubio*, No. 24-1029 (SLS), 2025 WL 885116, at *4 (D.D.C. Mar. 21, 2025) ("Courts in this District have consistently rejected the argument that this type of procedural injury does not satisfy standing—finding that a plaintiff suffers an injury when an unreasonable delay in processing their visa application causes financial or other hardship, such as separation from family members." (citation, quotation marks, and brackets omitted)).

## II. Mandamus Relief

"Generally, before a writ of mandamus may issue, the petitioner must satisfy three conditions: the party seeking writ must have no other adequate means for relief sought, the party's right to the writ must be clear and undisputable, and the issuing court must be

---

[1] The State Department appears to also challenge Reza's standing in its Reply. However, Reza has sufficiently alleged a concrete and particularized injury sufficient to establish standing at this stage of the litigation. *See Trump v. Hawaii*, 585 U.S. 667, 698 (2018) ("We agree that a person's interest in being united with his relatives is sufficiently concrete and particularized to form the basis of an Article III injury in fact.").

satisfied that the writ is appropriate." *United States v. Copar Pumice Co., Inc.*, 714 F.3d 1197, 1210 (10th Cir. 2013) (citation omitted).

Here, Plaintiffs' request for a writ of mandamus is inappropriate because § 706(1) of the Administrative Procedure Act provides an adequate avenue for their desired relief. *See Mt. Emmons Mineral Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997). Accordingly, the State Department's Motion regarding Plaintiffs' mandamus request is granted.

### III.     Relief under § 706(1) of the APA

Plaintiffs ask the Court to compel the consular officer to adjudicate Mr. Foudazi's visa application under § 706(1) of the APA. The State Department seeks to dismiss this claim on two grounds, both of which are unavailing. First, the State Department contends that there is no mandatory, nondiscretionary duty to adjudicate visa applications so the United States has not waived its sovereign immunity under the APA. Second, it avers that even if there is such a mandatory, nondiscretionary duty, it has been satisfied by Mr. Foudazi's temporary refusal under INA 221(g).

"The APA serves as a limited waiver of sovereign immunity, not a grant of subject matter jurisdiction." *High Country Citizens All. v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (citations omitted). "Generally, the United States, through the APA, has waived its sovereign immunity to '[a]n action in a court of the United States seeking relief other than money damages.'" *Rural Water Sewer and Solid Waste Mgmt., Dist. No. 1, Logan Cty., Okla. v. City of Guthrie, Okla.*, 654 F.3d 1058, 1070 (10th Cir. 2011) (quoting 5 U.S.C. § 702). The APA empowers courts reviewing the actions of administrative agencies to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1).

5

But this authority is not unlimited. Instead, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.(SUWA)*, 542 U.S. 55, 64 (2004) (emphasis in original). And even when a reviewing court possesses the authority to compel an agency action, it "has no power to specify what the action must be." *Id*. at 65.

The State Department first argues that a consular officer does not owe a mandatory, nondiscretionary duty to adjudicate visa applications, and therefore Plaintiffs' claim under § 706(1) is inappropriate. But the plain text of the INA, its implementing regulations, and the Foreign Affairs Manual foreclose this argument.

INA § 1202(b) directs that "[a]ll immigrant visa applications **shall** be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b) (emphasis added). There are three ways for a consular officer to adjudicate a visa application:

> When a visa application has been properly completed and executed before a consular officer with the provisions of the INA and the implementing regulations, the consular officer **must** issue the visa, refuse the visa under INA 212(a) or 221(g) or other applicable law, or pursuant to an outstanding order under INA 243(d), discontinue granting the visa.

22 C.F.R. § 42.81(a) (emphasis added). And "'[t]here are no exceptions to the rule that once a visa application has been properly completed and executed before a consular officer, a visa must either be issued or refused.'" 9 Foreign Affairs Manual § 504.1-3(i)(1); *see also Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997).

Here, under § 1202(b), the consular officer is obligated to adjudicate Mr. Foudazi's visa application. The consular officer can do so only by issuing, refusing, or discontinuing granting the visa application. And there are no exceptions. So while the consular officer

6

possesses significant latitude regarding the substantive decision of whether to issue, refuse, or discontinue granting Mr. Foudazi's visa application, *see Al-Gharawy v. United States Dep't of Homeland Sec.*, 617 F.Supp.3d 1, 12 (D.D.C. 2022) ("Consular officers have complete discretion over issuance and revocation of visas.") (citation and quotation marks omitted), the consular officer has no discretion as to actually adjudicating the visa application. That is, the consular officer can select the substantive adjudication he or she desires, but an adjudication itself has to be rendered.

Accordingly, consular officers hold a mandatory, nondiscretionary duty to adjudicate visa applications. *See Yaghoubnezhad v. Stufft*, 734 F.Supp.3d 87, 99-100 (D.D.C. 2024) (holding that consular officers have a discrete, nondiscretionary duty to adjudicate visa applications, and that judicial review under § 706(1) is appropriate if a consular officer has indefinitely delayed issuing or refusing a visa);[2] *see also Ahmed v. Blinken*, No. 24-153 (LLA), 2024 WL 4903771, at *4 (D.D.C. Nov. 27, 2024) (noting that the majority view is that issuing a final decision on a visa application is a discrete agency action mandated by both the APA and federal regulations).

Having found that the consular officer owed a duty to adjudicate Mr. Foudazi's visa application, the State Department's second argument turns on whether a temporary refusal of a visa application that is then placed in administrative processing qualifies as a "refusal" under 22 C.F.R. § 42.81(a), and therefore an adjudication under 8 U.S.C. § 1202(b). Courts

---

[2] The *Yaghoubnezhad* Court applied 22 C.F.R. § 41.121, which is the nonimmigrant visa equivalent to 22 C.F.R. § 42.81.

7

in the D.C. District have addressed this issue on several occasions and have adopted contrasting approaches.

In *Yaghoubnezhad*, Judge Trevor McFadden held that the consular officer had satisfied his mandatory, nondiscretionary duty to adjudicate a visa application by giving the applicant a refusal under INA 221(g) and placing the application in administrative processing. *Yaghoubnezhad*, 734 F.Supp.3d at 101. Judge McFadden observed that "[o]nce a consular officer either issues or refuses a visa, and provides a legal basis for doing so, nothing in the INA or its regulations require consular officers to do anything more. For the purpose of § 706(1) review, consular officers' § 221(g) refusals are 'final.'" *Id*. at 102.

On the other hand, in *Al-Gharawy*, Judge Randolph Moss held that an INA 221(g) refusal while pending administrative processing did not satisfy the consular officer's mandatory, nondiscretionary duty to adjudicate the visa application. *Al-Gharawy*, 617 F.Supp.3d at 16-17. Citing *Vulupala v. Barr*, 438 F.Supp.3d 93 (D.D.C. 2020), Judge Moss noted that the State Department's argument elevated "'form over substance'" and noted that while "the State Department may 'choose to characterize a § 221(g) notification as a 'refusal,' the magic word is not a get-out-of-review-free card." *Id*. at 16 (quoting *Vulupala*, 438 F.Supp.3d at 98) (cleaned up).

Here, the Court finds the latter approach—which appears to be the majority approach in the D.C. District Court, *see R2 Technologies Corp. v. Rubio*, No. 24-369 (LLA), 2025 WL 436306, at *4 (D.D.C. Feb. 7, 2025) (collecting cases)—persuasive. And focusing "'on what is actually happening,'" *see Al-Gharawy*, 617 F.Supp.3d at 16 (quoting

8

*Vulupala*, 438 F.Supp.3d at 98), the Court holds that the consular officer has not satisfied the mandatory, nondiscretionary duty to adjudicate Mr. Foudazi's visa application.

First, the INA 221(g) refusal notice suggests that the refusal is not final:

> Your visa application is **temporarily** refused under section 221(g) of the US Immigration and Nationality Act for the reasons stated below. However **this refusal may be overcome** once the missing documentation and/or administrative processing have been met.

Doc. No. 1-2 (emphasis added).

Second, Mr. Foudazi's Visa Status Check again indicates that while labeled "Refused," the INA 221(g) refusal was not final:

> A U.S. consular officer has adjudicated and refused your visa application. Please follow any instructions provided by the consular officer. If you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing. **You will receive another adjudication** once such processing is complete. Please be advised that the processing time varies and that you will be contacted if additional information is necessary.

Doc. No. 8-1 (emphasis added).

And finally, the section of the Foreign Affairs Manual instructing consular officers how to adjudicate visa applications reads as follows:

> Once an application has been executed, you must either issue the visa or refuse it. **You cannot temporarily refuse, suspend, or hold the visa for future action.** If you refuse the visa, you must inform the applicant of the provisions of law on which the refusal is based, and of any statutory provision under which administrative relief is available.

9 FAM § 504.1-3(g) (emphasis added).

The context of the "refusal" counsels against a finding of adjudication. As the materials referenced above show, the refusal is described as "temporary" despite the

9

Foreign Affairs Manual explicitly barring temporary refusal of visa applications. Moreover, the State Department's communications indicate to Mr. Foudazi that while his visa application was technically refused, the decision may be overcome by the provision of supplemental materials. The circumstances surrounding the purported adjudication support a finding that Mr. Foudazi's application is pending or being held "for future action" rather than having been finally adjudicated.

Accordingly, because Plaintiffs plausibly allege that Mr. Foudazi's visa application has not been finally adjudicated, and adjudication is a mandatory, non-discretionary duty, the Court has authority to compel an action under 5 U.S.C. 706(1).[3]

### IV. Consular Nonreviewability

Finally, the State Department contends that dismissal is warranted under the doctrine of consular nonreviewability. The Court is not persuaded.

The Supreme Court recently described the contours of the doctrine in *Dep't of State v. Muñoz*, 602 U.S. 899 (2024):

> For more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control. Congress may delegate to executive officials the discretionary authority to admit noncitizens immune from judicial inquiry or interference. When it does so, the action of an executive officer to admit or to exclude an alien is final and conclusive. The Judicial Branch has no role to play unless expressly authorized by law. The Immigration and Nationality Act (INA)

---

[3] The merits of whether Plaintiffs' contemplated relief is substantively proper, however, is not decided in this Order. Neither party has briefed the issue of whether the length of time Mohammad's application has been pending in administrative processing is unreasonable. The State Department indicates that it intends to file a motion for judgment on the pleadings on this issue. The Court will therefore refrain from deciding the reasonableness of the delay at this time.

>does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions. This principle is known as the doctrine of consular nonreviewability.

*Muñoz*, 602 U.S. at 907-08 (internal citations and quotation marks omitted).

The Court again finds Judge Moss's treatment of the issue in *Al-Gharawy* persuasive. *See Al-Gharawy*, 617 F.Supp.3d at 11-17. There, the court distinguished the authority to compel a procedural, mandatory, non-discretionary visa decision from the consular officer's virtually unfettered discretion in the substantive visa decision-making process. *Id*.; *see also Patel*, 134 F.3d at 932 (denying the Government's motion under the doctrine of consular nonreviewability because the plaintiffs' action was a challenge to the consular official's mandatory procedural authority rather than his discretionary substantive authority). Here, having determined that the consular officer has a mandatory, nondiscretionary duty to finally adjudicate Mr. Foudazi's visa application, and that the consular officer has failed to do so, an order by this Court would not constitute a review of the consular officer's substantive visa determination, but instead would be an order compelling the consular officer to perform the nondiscretionary procedural duty of finally adjudicating Mr. Foudazi's visa application as required by the APA and federal regulations. The doctrine of consular nonreviewability is therefore inapplicable under these facts.

## CONCLUSION

Accordingly, the State Department's Motion is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 23rd day of April, 2025.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE